**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEREK CURTIS ,           )
                              )
          Plaintiff,       )
                              )
         v.               )     CIVIL ACTION NO.: 06-2029 (GKK)
                              )
CHARLES RAMSEY, *et. al.*,   )
                              )
         Defendants.     )
_____)

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT,**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants, Chief Charles Ramsey, Detective Vincent Tucci and Detective George Rada ("defendants"), by and through undersigned counsel, pursuant to Fed. R. Civ. P., Rules 12(b)(6) and 56, hereby move this Honorable Court to dismiss the plaintiff's Complaint.[1]   The Court should grant the defendants' Motion, because:

1.  Plaintiff's Complaint is time barred by the statute of limitations .

2.  Chief Ramsey is not a proper party to this action; and

3.  Plaintiff's claims should be dismissed because he has failed to effectuate proper service on defendants Rada and Tucci.

A Memorandum of Points and Authorities and two proposed Orders are attached hereto.  Because this is a dispositive motion, the defendants are not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

---

[1] Defendants Rada and Tucci do not concede personal jurisdiction by filing this motion. Moreover, defendants submit that without proper service of process, there is no personal jurisdiction over them in this case.

EUGENE A. ADAMS
Interim Attorney General

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____/s/_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEREK CURTIS ,                         )
                                       )
            Plaintiff,                 )
                                       )
        v.                             )        CIVIL ACTION NO.: 06-2029 (GKK)
                                       )
CHARLES RAMSEY, *et. al.*,             )
                                       )
            Defendants.                )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING**
**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT,**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants, Chief Charles Ramsey, Detective Vincent Tucci and Detective George Rada ("defendants"), by and through undersigned counsel, pursuant to Fed. R. Civ. P., Rules 12(b)(6) and 56, hereby move this Honorable Court to dismiss the plaintiff's Complaint.  The Court should grant the defendants' Motion, for the reasons set forth below.

## I.  BACKGROUND

### A.    *PLAINTIFF'S ALLEGATIONS*

Plaintiff files this lawsuit against Chief Ramsey and others alleging that the defendants engaged in race discrimination in violation of plaintiff's constitutional rights. (Complaint, *et. seq.*). The plaintiff cites various statutes, notably 42 U.S.C. §§ 1983-1986.  (*Id.*, at p. 3.).

Plaintiff alleges he "suffered constitutional deprivations when defendants conspired together and executed their racially motivated scheme to deprive him

of his civil rights guaranteed by the 4th, 5th, and 14th Amendments to the United States Constitution." (*Id.*, at p. 2 .).

    1.    *Allegations Regarding Tucci*

    In his Complaint, plaintiff states that Detective Tucci "ordered that plaintiff have no access to his office nor to his wallet, briefcase, personal property, company documents and company furniture and equipment." (Complaint, ¶ 7.). Plaintiff further alleges "Detective Tucci 'knowingly' received the stolen goods from Gerstenfield (sic) and used the wallet contents to illegally obtain a search warrant and seize unknown items and/or documents." (Complaint, ¶ 9.).

    2.    *Allegations Regarding Rada*

    Regarding Detective Rada, plaintiff alleges he "'knowingly' initiated the harassment against plaintiff via submitting a bogus allegations (sic) of a bad check. (Complaint, ¶ 12.). Plaintiff also alleges that "Rada NEVER saw or possessed a bad check from plaintiff, Rada abused his police powers via lying to obtain a warrant for an alleged bad check." (*Id*.)(emphasis in original). Plaintiff further alleges, "Court records will clearly demonstrate that Rada falsely accused plaintiff as (sic) an effort to perfect the harassment and wrongful imprisonment." (*Id.*).

    3.    *Allegations Regarding Ramsey*

    As to Chief Ramsey, plaintiff states that "Defendant Ramsey and others at the Metropolitan Police Department 'knowingly' aided and abetted Defendants Roger Gerstenfield (sic) and Samuel Gerstenfield (sic) in illegally evicting plaintiff

and his business from the office and illegally taking possession of plaintiff's property." (Complaint, ¶ 11.).

In his Complaint, however, the plaintiff describes no wrongdoing by Chief Ramsey, no knowledge of or participation by the Chief in any of the acts alleged in the Complaint, or any District of Columbia policy or custom that could give rise to any liability in this case.

## B.    STATEMENT OF FACTS

Plaintiff filed this lawsuit on September 5, 2006, in D.C. Superior Court. Defendants Roger Gerstenfeld and 15th Street Executive Suites removed the plaintiff's Complaint to this Court on November 27, 2006.

As far as defendants can deduce, the allegations contained in plaintiff's Complaint stem from two separate incidents: 1) plaintiff's arrest for Theft in the First Degree on December 6, 2002 (*See* Exh. A.); and 2) plaintiff's arrest for First Degree Fraud on May 22, 2003. (*See* Exh. B.).

### 1.    First Degree Theft

Detective Rada was the lead officer for this charge, and the charge was that the plaintiff entered into an agreement with Mr. Clarence Slash, whereby Mr. Slash would procure Mr. Curtis' tags and title for his Chevy Tahoe, and plaintiff would pay Mr. Slash $2,800 for the service. (Exh. A, at p. 3-4.). Mr. Slash complained to police that he never received payment for his services. (*Id*.). Based on that complaint, a warrant was issued for plaintiff's arrest on May 22, 2002, and plaintiff was arrested on the outstanding warrant on December 6, 2002. (*Id.* at pp. 1-5.).

### 2.    First Degree Fraud

Detective Tucci was the lead officer for this charge.  He received calls from several complainants regarding plaintiff's promises to pay for leased premises, office equipment and supplies. (Exh. B, at p. 2-4.).   All of the witnesses complained that they had not received the promised payments from plaintiff, totaling approximately $50,000. (*Id.* at p.2.).

Based on the complaints, Detective Tucci requested that an arrest warrant be issued for plaintiff on December 24, 2002, charging him with First Degree Fraud. (*Id.*).  Plaintiff was arrested on the outstanding warrant on May 22, 2003. (*Id.* at pp. 5-9.).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to F.R.C.P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).  The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery.  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6).  *Id.*   The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept

legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

On the other hand, summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has both the burden of demonstrating the absence of any material facts as well as the right to judgment as a matter of law, *Ferguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993), the movant is not obligated to present supporting evidence. Instead, the moving party need only assert that there is a lack of necessary evidence to support the plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; see also Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id.*

By either burden of proof, no interpretation of the plaintiff's Complaint can lead to a claim on which relief can be granted. Therefore, the defendants are entitled to dismissal of the plaintiff's Complaint in its entirety.

## *III. ARGUMENT*

### A. PLAINTIFF'S CLAIMS ARE TIME BARRED

The plaintiff's claims must be dismissed because they are barred by D.C. Code §12-301. While not specifically plead, it appears from the Complaint that plaintiff is bringing claims against the District under the theories of false arrest,

false imprisonment, abuse of process, negligence, racial discrimination, deprivation of civil rights, and conspiracy.  For the reasons set forth below, all of these claims are time-barred under § 12-301 and must be dismissed.

1.  D.C. Code §12-301 Bars Plaintiff's Common Law Claims

The plaintiff's common law claims of false arrest, false imprisonment, abuse of process, and negligence should be dismissed because they are barred by D.C. Code §12-301.

Pursuant to D.C. Code 12-301(4), a one year statute of limitations is applicable for claims of "false arrest or false imprisonment." This one year statute of limitations also applies to claims of defamation. D.C. Code 12-301(4); *see also Mullin v. Washington Free Weekly*, 785 A.2d 296, 297 (D.C. 2001).  If a plaintiff fails to file his or her claim within the appropriate time period, the plaintiff's case must be dismissed. *Id.*

More importantly, for claims of false arrest and false imprisonment, the statute of limitations begins to run when an individual is arrested or imprisoned. *Shulman v. Miskell*, 626 F.2d 173, 176 (D.C. Cir 1980) (holding that, for claims of false arrest and defamation, "the limitations period was quite properly considered to run from the date of the original arrest.").

Here the plaintiff was arrested on December 6, 2002 and May 22, 2003. Thus, the statute of limitations began to run on those dates, and the plaintiff had until December 6, 2003 and May 22, 2004 to file false arrest and imprisonment claims based on these arrests.

Similarly, the plaintiff's imputed claims for negligence and abuse of process are barred by D.C. Code 12-301(8). A three year statute of limitations is applied to all actions "for which a limitation is not otherwise specially prescribed." *See Prouty v. National Railroad Passenger Corporation*, 572 F. Supp. 200, 206 (D.D.C. 1983) (holding there is a three year statute of limitations for negligence claims); *Simpson v. D.C. Metropolitan Police Department*, 789 F.Supp. 5, 7 (D.D.C. 1992) (holding 12-301(8) applies to abuse of process claims).

In *Prouty*, the court also held that the statute of limitations period begins to run at the moment the plaintiff "suffers injury." *Prouty*, 572 F. Supp. at 206. In addition, a "one-action rule applies …: the plaintiff must bring a single suit for all present and future damages flowing from a discrete [tortious] act . . . as soon as he or she becomes aware of some injury on which to base the suit." *Beard v. Edmondson*, 790 A.2d 541, 546 (D.C. 2002) (quoting *Keefe Co. v. Americable Int'l, Inc.,* 755 A.2d 469, 476 (D.C. 2000).

In this case, the plaintiff was aware of his alleged injuries on December 6, 2002 and May 22, 2003 respectively. Thus the statute of limitations period, for all of his common law claims, began to run on that date. Based on the foregoing, any common law claims the Court may interpret as being pled in plaintiff's Complaint must be dismissed.

2. The Plaintiff's Federal Claims are Barred

Further, the plaintiff's claims for deprivation of civil rights, conspiracy to interfere with civil rights, race discrimination and any remaining federal claims are also barred by D.C. § 12-301.

According to the U.S. Supreme Court, a court should borrow the general or residual statute for personal injury actions when addressing a § 1983 claim. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). The Court reasoned that adopting the residual statute of limitations makes it predictable and easy for a plaintiff to determine the appropriate statute of limitations before filing a § 1983 claim. *Id.* at 248. In the District of Columbia, the residual statute of limitations for personal injury claims is three years, as set forth in D.C. Code 12-301(8). *See Owens v. Okure*, 488 U.S. 235 (1989).

Similarly, "[t]he relevant statute of limitations for a 1985(1) violation in this jurisdiction is three years." *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir 2002). According to the D.C. Court of Appeals, "the statute-of-limitations clock starts ticking when the plaintiff has sufficient 'notice of the conduct … which is now asserted as the basis for [his] lawsuit.'" *Hall*, 285 F.3d at 82 (quoting *Fitzgerald v. Seamans*, 533 F.2d 220, 228-29 (D.C. Cir. 1977). If a plaintiff fails to file his § 1983 or § 1985 complaint within the three year period, the plaintiff's case must be dismissed. *Id.*

In the present case, the last act that the plaintiff claims caused him damage occurred on May 22, 2003, when the plaintiff was arrested on First Degree Fraud charges. Defendants maintain that the plaintiff had sufficient notice of the defendants' alleged misconduct in May of 2003, when he was released from custody. However, the plaintiff failed to file his Complaint until September 5, 2006, more than three years after his last arrest. Plaintiff's failure to file his Complaint within three years from his last arrest bars any constitutional claims

flowing from the December 6, 2002 and May 22, 2003 arrests. *See Hall,* 285 F.3d at 82. The plaintiff's Complaint must be dismissed.

## B. CHIEF RAMSEY IS NOT A PROPER PARTY TO THIS ACTION

The plaintiff's Complaint should be dismissed because Chief Ramsey is not a proper party to this action. While not specifically stated in the Complaint, it appears that the plaintiff is suing Chief Ramsey in his official capacity. Therefore, the plaintiff's constitutional claims are subject to dismissal for failure to allege an unconstitutional policy or custom.

A suit against Chief Ramsey is equivalent to a suit against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself.").

As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate his injury was caused by a policy or custom that a policymaker of the District approved. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> … a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

11

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault.*" *Id.* at 818 (emphasis added).

Since the seminal *Monell* ruling, the courts have developed four different types of proof that can establish such municipal liability. The first type of proof a plaintiff can employ to satisfy the *Monell* requirements, is by setting forth direct evidence that the municipality adopted an unconstitutional policy. This can be done by pointing to a formally adopted policy—such as a statute or regulation— that violates the constitutional rights of the individual. *Monell*, 436 U.S. at 694.

A second type of proof is direct evidence of an unconstitutional decision or action taken by an official policymaker of the municipality. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). The third type of proof, used when there is no direct evidence of an unconstitutional municipal policy, is when a plaintiff establishes municipal liability through sufficient circumstantial evidence that the municipality had informally adopted an unconstitutional policy. This is a much more difficult burden to prove.

In this manner, a plaintiff must be able to provide evidence that municipal policymakers were deliberately indifferent to constitutional violations performed by municipal employees. This generally can be shown by specific statistical evidence, or by setting forth a series of similar incidents that were known to

municipal officials, but not addressed or resolved by those officials. *Carter v. District of Columbia*, 795 F.2d 116, 124-126 (D.C. Cir. 1986).

The fourth way to establish municipal liability, is by showing that the municipality failed to adequately train its employees.  To satisfy such a standard, a plaintiff must provide evidence that officials knew or should have known of a specific training need, that failure to address that need was likely to result in violation of individual constitutional rights, and that the officials were deliberately indifferent to the need for such training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Once a plaintiff has proven—by any of the above methods—that a municipality has adopted a policy or custom of violating constitutional rights, the plaintiff still must prove that the policy or custom caused the constitutional injury in question. *Oklahoma City*, 471 U.S. at 823.  The plaintiff must prove that the policy was the "moving force" behind the alleged constitutional violation.  *Id.*

Here, even with all reasonable inferences taken in favor of the plaintiff, there are no allegations presented in the Complaint to establish a municipal policy or custom.  In fact, the plaintiff does not identify a custom or policy of the District of Columbia.  As such, the plaintiff cannot recover in a suit against Chief Ramsey in his official capacity pursuant to 42 U.S.C. § 1983.

### C.  PLAINTIFF FAILED TO EFFECTUATE PROPER SERVICE

Finally, plaintiff's Complaint should be dismissed because he has failed to comply with Fed. R. Civ. P. 4 (e)(2).  Specifically, plaintiff failed to serve Detectives Rada and Tucci at their homes/abode or through an authorized agent.

Because of this failure, the plaintiff's Complaint should be dismissed on these grounds as well.[2]

Fed. R. Civ. P. 4(e)(2) provides that a plaintiff shall serve the Complaint on an individual by one of three means, they are:

> by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

As to Detective Rada, the Summons, Complaint and Initial Order were left at the front desk at his workplace, and given to him later by a co-worker. (*See* Exh. C.). Detective Rada states that he did not authorize service of process in this manner, nor did he receive any communication from the plaintiff seeking authorization to leave the Summons, Complaint and Initial Order at the front desk. (*Id.*). Plaintiff failed to properly serve Detective Rada, therefore the Complaint must be dismissed.

Regarding Detective Tucci, plaintiff filed an Affidavit of Service indicating that he served Detective Tucci "by leaving a copy of the Summons, Complaint and Initial Order at his/her place of abode or business at 500 Indiana Ave NW Wash. DC with Ms. Tolson, Ofc. of General Counsel/MPD." (*See* Exh. D.). However, the Office of General Counsel is not authorized to accept service for police officers without their consent; and Detective Tucci never gave his consent

---

[2] Chief Charles Ramsey does not allege ineffective service of process because he has authorized the Office of General Counsel to accept service on his behalf.

for acceptance of service on his behalf.  (*See* Exh. E).  Because plaintiff failed to properly serve Detective Tucci, the Complaint must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, defendants Tucci, Rada, and Ramsey respectfully request that this Court dismiss plaintiff's Complaint in its entirety.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II


_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEREK CURTIS ,                          )
                                        )
            Plaintiff,                   )
                                        )
      v.                                 )          CIVIL ACTION NO.: 06-2029 (GKK)
                                        )
CHARLES RAMSEY, *et. al.*,               )
                                        )
            Defendants.                  )
_____ )

**STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff was arrested on the charge of First Degree Theft on December 6, 2002. (Exhibit A, at pp. 1-5.).

2. Plaintiff was arrested on the charge of First Degree Fraud on May 22, 2003. (Exhibit B, at pp. 5-9.).

DATED:  December 21, 2006            Respectfully submitted,

                                    EUGENE A. ADAMS
                                    Interim Attorney General

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General
                                    Civil Litigation Division

                                    _____/s/_____
                                    NICOLE L. LYNCH [471953]
                                    Chief, Section II
                                    General Litigation Division

                                    _____/s/_____
                                    TONI MICHELLE JACKSON [453765]
                                    Assistant Attorney General
                                    441 4th Street, N.W.
                                    6th Floor South
                                    Washington, D.C. 20001
                                    (202) 724-6602
                                    (202) 727-3625 (fax)
                                    toni.jackson@dc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2006, I electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS THE COMPLAINTOR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in  Support of the Motion,  the Statement of Undisputed Facts, and two proposed Orders with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Derek Curtis
310 Elmleaf Avenue
Capitol Heights, MD 20743

Anthony D. Dwyer, Esquire
Law Offices of William C. Batton
6011 University Blvd., Ste. 480
Ellicott City, MD 21043

Michael J. Carlson, Esquire
Anderson, Coe & King, L.L.P.
201 North Charles Street, Ste. 2000
Baltimore, MD 21207-4135

And all others indicated on the electronic filing receipt.


/s/ Toni Michelle Jackson
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEREK CURTIS ,                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        CIVIL ACTION NO.: 06-2029 (GKK)
                                    )
CHARLES RAMSEY, *et. al.*,          )
                                    )
            Defendants.             )
_____)

## ORDER

Upon consideration of the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, Memorandum of Points and Authorities, Statement of Undisputed Facts, any opposition thereto and the record herein, it is by the Court this _____ day of _____, 200_,

ORDERED:  that the Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED: that as to Defendants Rada, Ramsey and Tucci the Plaintiff's Complaint  is HEREBY DISMISSED.


_____
GLADYS K. KESSLER
United States District Judge

Copies to:

Toni Michelle Jackson
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Derek Curtis
310 Elmleaf Avenue
Capitol Heights, MD 20743

Anthony D. Dwyer, Esquire
Law Offices of William C. Batton
6011 University Blvd., Ste. 480
Ellicott City, MD 21043

Michael J. Carlson, Esquire
Anderson, Coe & King, L.L.P.
201 North Charles Street, Ste. 2000
Baltimore, MD 21207-4135

Office Depot
2200 Old Georgetown Road
Delray Beach, FL 33455

Renee Fenner
415 4th Street, S.W.
Washington, D.C. 20024

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEREK CURTIS , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 06-2029 (GKK) |
| | ) | |
| CHARLES RAMSEY, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>ORDER</u>

Upon consideration of the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, Memorandum of Points and Authorities, Statement of Undisputed Facts, any opposition thereto and the record herein, it is by the Court this _____ day of _____, 200_,

ORDERED:  that the Motion for Summary Judgment is GRANTED; and it is

FURTHER ORDERED: that as to Defendants Rada, Ramsey and Tucci the Plaintiff's Complaint is HEREBY DISMISSED.

_____
GLADYS K. KESSLER
United States District Judge

Copies to:

Toni Michelle Jackson
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Derek Curtis
310 Elmleaf Avenue
Capitol Heights, MD 20743

Anthony D. Dwyer, Esquire

Law Offices of William C. Batton
6011 University Blvd., Ste. 480
Ellicott City, MD 21043

Michael J. Carlson, Esquire
Anderson, Coe & King, L.L.P.
201 North Charles Street, Ste. 2000
Baltimore, MD 21207-4135

Office Depot
2200 Old Georgetown Road
Delray Beach, FL 33455

Renee Fenner
415 4th Street, S.W.
Washington, D.C. 20024

# EXHIBIT A

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

**ARREST/PROSECUTION REPORT**

P.D. 163 Rev. 5/2002                    G.O. 401.5

| | |
|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – ... NO (ID ONLY) | 2. ID NUMBER (IC ONLY) 545812 |
| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | 4. CID NUMBER |
| 5. UNIT-ARREST NO. 1D/ 010202926 | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) Curtis, Derek Dione | 7. DEA LAB NUMBER |

| 8. Arresting Officer's Name Fenner, Sheri N | 9.TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL | 10. NICKNAME / ALIAS ▸ | 11. PHONE NUMBER (301) 702-0575 |
|---|---|---|---|

| Rank ofc | Badge # 0164 | Agency MPD | 12. COURT DATE 12-7-02 | 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) ▸ 3376 Curtis Drive Suitland,MD. | 14. TIME IN D.C. 7yrs. |

| 15. ☐ CHILD ABUSE ☐ GANG ☐ HATE SPECIAL INTELLIGENCE ☐ SENIOR CITIZEN ☐ DOMESTIC VIOLENCE | 16. SEX ▸ Male | 17. RACE ▸ Black | 18. BIRTHDATE | 19. SOCIAL SECURITY NUMBER |
|---|---|---|---|---|

| 20. NEED INTERPRETER ☐ YES ☒ NO | 21 HEIGHT 506 | 22. WEIGHT 135 | 23. HAIR Blk | 24. EYES Bro | 25. COMPLEX Med | 26. PERMIT NO/ST N/A | 27. BIRTHPLACE (City & State) Cambridge, Mass. |
|---|---|---|---|---|---|---|---|

| 28. CO-DEFENDANTS: Number 0 (If more than 3, list on back) | 29. IMPERSONATOR? ☐ M ☐ F ☒ NO | 30. ETHNICITY African American | 31 CAUTION |
|---|---|---|---|

| NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 32. SCARS/MARKS/TATTOOS None |
|---|---|
| 1.    ,    , | |
| 2.    ,    , | 33. HAT N/A — 34. JACKET Blue — 35. PANTS Gry |
| 3.    ,    , | 36. COAT Tan — 37. SHIRT White — 38. SKIRT/DRESS N/A |

| 39. WALES/NCIC CHECK | | |
|---|---|---|
| CHECK MADE BY (Name) Harrison, K | NCIC NUMBER 38053 | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☒ No ☐ USW76302 |

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) ▸ 1310 Southern Avenue SE | DATE OF OFFENSE ▸ 09-14-01 | TIME OF OFFENSE ▸ 1900 |
|---|---|---|
| 40. LOCATION OF ARREST (Exact Address, include Room / Apt No.) ▸ 733 15th Street NW Suite 700 | DATE OF ARREST ▸ 12-06-02 | TIME OF ARREST ▸ 1415 |

| ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY , Young, David Ofc. 4026 ID, , | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▸ , , , |
|---|---|

| 43. DEFENDANT ADVISED OF RIGHTS | | | | |
|---|---|---|---|---|
| TIME 1448 | LOCATION 415 4th Street sw | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A Stargel,R | BADGE NO. D2-181 | UNIT 1D |

| 44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit)    MORE ☐    See Back | | | | |
|---|---|---|---|---|
| FIRST, M.I. sh, Clarence | ADDRESS – STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |

| 46. TACTICS 2 - Radio Run | 47. PREMISES 7 - Office (Private) | 48. SCHOOL ZONE ☐ PUBLIC HOUSING ☐ |
|---|---|---|

| CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLL/BOND RECEIPT NO |
|---|---|---|---|---|
| 1. felony warrant | usw76302 | 046-389 | Lock up | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

*(ENTER THE LEAD CHARGE FIRST)*

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|
| PROPERTY BOOK/ PAGE NO.    CSES NO. | | |
| | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS | |

CASE CLOSED

| USE THIS USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|---|

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

| | | 55. EMPLOYMENT HISTORY (List present employment they can use) | | |
|---|---|---|---|---|
| EMP | ADDRESS | BUS. PHONE | OCCUPATION |
| .esent | Office of Health Car. | 305 D Street NW | (202) 393-0333 | Operations |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME - LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| Brother | 47 yrs. | Curtis, Calvin | 21 T Street NW | (202) 285-6587 |
| | | | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE ☐ YES ☒ NO ☐ REFUSED | 59. PHONE NUMBER |
|---|---|---|

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)

The event occurred on 09-14-01 at approximately 1900 at 1310 Southern Avenue SE in Washington DC.

On 12-06-02 while on routine patrol in 1042 the undersigned officer received a radio run for a recovered stolen auto. Upon arrival on the scene a wales check with the dispatcher revealed that D-1 (Derek Dione Curtis) has an outstanding felony warrant held by DC Superior Court. Warrant number USW76302. D-1 (Derek Dione Curtis) was placed under arrest and transported to the First District Detectives office for debriefing and processing.

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)]

| 62. RECORD CLERK'S NAME Harrison, K | 3. No Record | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|
| ARREST RECORD SUMMARY | 4. | 6. | N/A |
| 1.          2. | | | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no
(If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME – OFFICER MAKING STATEMENT Fenner, Sheri N | BADGE NUMBER 164 | RANK Ofc. | 6? SIGNATURE OF REVIEWING OFFICIAL Lt. ____ ____ C-210 |
|---|---|---|---|
| 67. SIGNATURE OF OFFICER MAKING STATEMENT Sheri N Fenner | UNIT 1D | DATE 12/6/2002 | UNIT 1-D    DATE 12/6/02 |

# Superior Court of the District of Columbia

### CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**

USW NO.: 763-02

| DEFENDANT'S NAME: | | | | | CCR: | | PDID: |
|---|---|---|---|---|---|---|---|
| Curtis, Derek Dione | | | | | 046-389 | | |

| SEX: | RACE: | D.O.B.: | HEIGHT: | WEIGHT: | EYES: | HAIR: | COMPLEXION: |
|---|---|---|---|---|---|---|---|
| Male | Black | 6/2/57 | 5'6" | 135 | Brown | Black | Medium |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| 7813 Gum Springs Valley Dr. Alexandria, Va. 22306 | (202) 257-0735 |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| | |

| COMPLAINANT'S NAME: |
|---|
| Slash, Clarence Dionne |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: | TIME OF OFFENSE: |
|---|---|---|
| 1310 Southern Ave. Se. | 9/14/01 | 1900 |

Police Rport:  Clarence Slash (Slash) reported to the Police that he entered into a business agreement with an individual later identified as the defendant. Upon completion of the agreed upon work the defendant passed a check to Slash as full payment for services. Slash attempted to negotiate the check and was informed that a stop payment was placed on the same. The actions of the defendant caused the complainant to suffer an economic loss.

Investigation: Slash ownes and operates a business known as Masters Choice Title Services (Masters).  Slash is the sole employee. Masters secures vehicle license plates, titles , and vehicle taxes for individuals through area  department of motor vehicle's.

On 9/7/01 Slash met with the defendant at the Greater Southeast Community Hospital where they entered into an agreement that slash would provide the aforementioned services for the defendant's new Chevy Tahoa. On or about 9/14/01 Slash completed the services and obtained vehicle license plate number M691145 and title number 31267606 for the defendant. Slash provided the Maryland Department of Motor Vehicles with his personal check to obtain the property. On the same day Slash and the defendant again met at the Greater Southeast Hospital where Slash turned over the registration, license plates, and the title obtained to the defendant.  The defendant passed check number 177 made in the amount of $2,800.00 to Slash,as full payment for his services, per their agreement. The check was drawn on Suntrust Bank and listed the defendant as the account holder. The check was also made payable to Slash.

Slash deposited the aforementioned check into his personal account and was later informed that a stop payment had been placed on the check by the defendant. Slash contacted the defendant, via telephone, on several occassions. The defendant, during each conversation with Slash, promised to make Slash whole. As of the writing of this affidavit the defendant has failed to make Slash whole.

On 3/12/02 the affiant showed a photospread array consisting of nine photographs to slash. Slash immediately identified the defendant's photgraph as the individual for whom he performed the aforementioned services and also the individual who

**TO: WARRANT CLERK**

PLEASE ISSUE A WARRANT FOR:

Derek D. Curtis

CHARGED WITH: Theft I

ASSISTANT UNITED STATES ATTORNEY

AFFIANT'S SIGNATURE:

X

SUBSCRIBED AND SWORN TO BEFORE ME THIS

22 nd DAY OF May 2002

Margaret A. Saywood

OF THE DISTRICT OF COLUMBIA

Automated Egray, MPD 70, 949

2-1546 wd-382

Page #1 of 2

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

| USW NO.: | 763-02 |
| --- | --- |

| DEFENDANT'S NAME: | | | CCR: | PDID: |
| --- | --- | --- | --- | --- |
| Curtis, Derek Dione | | | 046-389 | |

| SEX: | RACE: | D.O.B.: | HEIGHT: | WEIGHT: | EYES: | HAIR: | COMPLEXION: |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Male | Black | 6/2/57 | 5'6" | 135 | Brown | Black | Medium |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
| --- | --- |
| 7813 Gum Springs Dr. Alexandria, Va. 22306 | (202) 257-0735 |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
| --- | --- |
| | |

| COMPLAINANT'S NAME: | |
| --- | --- |
| Slash, Clarence Dionne | |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: | TIME OF OFFENSE: |
| --- | --- | --- |
| 1310 Southern Ave. Se. | 9/14/01 | 1900 |

passed him the aforementioned check.

Based on the information contained herein, the affiant believes that there is probable cause to believe that Derek Dione Curtis has committed the offense of theft in the first degree and respectfully requests that a warrant for his arrest be issued.

**TO: WARRANT CLERK**

PLEASE ISSUE A WARRANT FOR:

*Derek D. Curtis*

CHARGED WITH: *Theft I*

*[signature]*
**ASSISTANT UNITED STATES ATTORNEY**

AFFIANT'S SIGNATURE:

X *[signature]*

SUBSCRIBED AND SWORN TO BEFORE ME THIS

*22nd* DAY OF *May 2002*

*Margaret A. Haywood*

**OF THE DISTRICT OF COLUMBIA**

Automated Egrey, MPD-70, b/66                                    2-1546 wd-382

*Page # 2 of 2*

P.D. 252 Rev. 1/2001          Metropolitan Police Department, Washington D.C.          **SUPPLEMENT REPORT**

| | | 1. DISTRICT | 2. BEAT | 3. RA | 4. ORIGINAL CLASSIF.: Theft I | 5. COMPLAINT NUMBER 046-389 |
|---|---|---|---|---|---|---|
| ☐ Classification Change | ☐ Additional Information | 6. DATE OF THIS REPORT 7/25/2002 | | 7. REPORTING ELEM. | 8. CLASSIFICATION OF REPORT CHANGED TO: | |

| 9. DATE AND TIME OF EVENT 9/14/01 1900 | 10. DATE AND TIME OF ORIG. RPT. 7/25/2002 14:24 | 11. EVENT LOCATION 1310 Southern Ave. SE. | 12. PROPERTY TYPE |
|---|---|---|---|

| 13. RADIO RUN RECEIVED | 14. DESCRIBE LOCATION | 15. WHERE ENTERED | 16. TOOLS/WEAPONS | 17. METHODS |
|---|---|---|---|---|

| 18. | COMPLAINANT/MISSING PERSON/FIRM Clarence Slash | SEX | RACE | DATE OF BIRTH Adult | COMPLAINANT/MISSING PERSON/FIRM | SEX | RACE | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|

**Suspect/Missing Person**

| | RACE | SEX | AGE | HEIGHT | WEIGHT | EYES | HAIR | COMPLEXION | SCARS | HAT | COAT | JACKET | PANTS | SHIRT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ SUSPECT ☐ MISSING PERSON | Black | Male | | 5'9" | 140 | bro | blk | Med | | | | | | |
| ☐ SUSPECT ☐ MISSING PERSON | | | | | | | | | | | | | | |

**20 SOLVABILITY FACTORS ⬈**   Complete each item below. If additional space is needed, use the narrative section. If necessary, use PD Form 251-A.
Refer to the specific item numbers when continuing information in the narrative section or on PD Form 251-A

| | IS THERE A WITNESS? | ☐ YES ☐ NO | If yes, enter name(s), address(es), phone number(s), hours of availability and brief account. |
|---|---|---|---|
| | IS A SUSPECT NAMED? | ☒ YES ☐ NO | Enter the name and include any nickname used. Curtis, Derek Dione |
| | IS THE STOLEN PROPERTY TRACEABLE? | ☐ YES ☐ NO | Include reason why or why not. |
| | IS PHYSICAL EVIDENCE PRESENT? | ☐ YES ☐ NO | Describe it. |
| | IS THE PERPETRATOR KNOWN TO THE VICTIM? | ☐ YES ☐ NO | If yes, describe the relationship. |
| | WAS A REFERRAL FORM GIVEN TO THE COMPLAINANT? | ☐ YES ☐ NO | Give any address, place of employment, or hangout known for the perpetrator(s). |
| | DURING WHAT HOURS IS COMPLAINANT AVAILABLE FOR INTERVIEW | | List the name, address, phone number and any information provided when the area was canvassed. |
| | IS AN MO OR PATTERN INDICATED? ☐ YES ☐ NO | | DESCRIBE MO OR PATTERN |

**21. ADDITIONAL STOLEN PROPERTY**          Property Book

| CODE | ITEM | SERIAL NO./OPERATION ID NO. | MODEL NO. | COMP. VALUE | AGE | MPDC VALUE | |
|---|---|---|---|---|---|---|---|
| | | | | | | | BOOK/PAGE NO. |
| | | | | | | | ADDITIONAL VALUE |
| | | | | | | | ORIGINAL VALUE |
| YEAR | MAKE | MODEL | COLOR | BODY | TAG / STATE / YEAR | VEHICLE IDENTIFICATION NO.    * * * | TOTAL PROP. VALUE |

**22. NARRATIVE:**   Record your activity and all developments in the case subsequent to your last report. List the names, addresses, sex, race, age, and arrest numbers of all arrested persons. Explain any change in classification. List the names, addresses, and telephone numbers of all witnesses and suspects.

Case closed with the arrest of Curtis, Derek Dione a Black Male of 7813 Gum Springs Valley Dr. Alexandria, VA. 22306, social security number ▮▮▮▮, DOB ▮▮▮▮ arrest number *010202926*

| 23. STATUS ☐ OPEN ☐ PRIOR CLOSED ☒ CLOSED | ☐ UNFOUNDED (EXPLAIN IN NO. 22) ☐ SUSPENDED (EXPLAIN IN NO. 22) | 24. TELETYPE NO. | 25. SOLVABILITY RATING | 26. SOLVABILITY CLASSIFICATION |
|---|---|---|---|---|
| 27. INVESTIGATIVE OFFICER'S RECOMMENDATION ☐ SUSPEND ☐ INVESTIGATE FURTHER | | 27. SUPERVISOR'S RECOMMENDATION ☐ SUSPEND ☐ INVESTIGATE FURTHER | | |
| 29. REPORTING MEMBER'S SIGNATURE       BADGE/ELEM | 30. INVESTIGATOR'S SIGNATURE       BADGE/ELEM | | 31. SUPERVISOR'S SIGNATURE       BADGE/ELEM | |
| 32. INVESTIGATIVE REVIEW OFFICER | 33. SUPERVISOR       BADGE/ELEM | | 34. REVIEWER | 35. DISTRIBUTION |

* * *   Value of vehicles will be entered by the Information Processing Section, Data Processing Division

Page _____ of _____ Pages



# EXHIBIT B

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

ARREST/PROSECUTION REPORT

P.D. 163 Rev. 2/2001                    G.O. 401.5

| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT - DATE/TIME – NCIC No. (ID ONLY) | 2. ID NUMBER (ID ONLY) ▶ |
|---|---|

| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | 4. CID NUMBER |
|---|---|

| 5. UNIT-ARREST NO. 09020 | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) Curtis, Derek Dione | 7. DEA LAB NUMBER |
|---|---|---|

| 8. Arresting Officer's Name V Tucci | 9.TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL | 10. NICKNAME / ALIAS ▶ Dr, Derek D. Curtis, Steve Warren, Steven Warman | 11. PHONE NUMBER (301) 550-7460 |
|---|---|---|---|

| Rank Det | Badge # DII-222 | Agency MPD | 12. COURT DATE | 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) ▶ 3376 Curtis Dr. Suitland, Maryland | 14. TIME IN D.C. Life |
|---|---|---|---|---|---|

| 15. ☐ CHILD ABUSE | ☐ GANG SPECIAL INTELLIGENCE | ☐ HATE | ☐ SENIOR CITIZEN | ☐ DOMESTIC VIOLENCE | 16. SEX ▶ Male | 17. RACE ▶ Black | 18. BIRTHDATE ▶ ███ | 19. SOCIAL SECURITY NUMBER ███ |
|---|---|---|---|---|---|---|---|---|

| 20. NEED INTERPRETER ☐ YES ☒ NO | 21. HEIGHT 506 | 22. WEIGHT 150 | 23. HAIR blk | 24. EYES brn | 25. COMPLEX Med | 26. PERMIT NO/ST C-632-139-143-415 MD | 27. BIRTHPLACE (City & State) Massachusettes |
|---|---|---|---|---|---|---|---|

| 28. CO-DEFENDANTS: Number ____ (If more than 3, list on back) | 29. IMPERSONATOR? ☐ M ☐ F ☒ NO | 30. ETHNICITY American | 31. CAUTION |
|---|---|---|---|

NAME, ADDRESS, ZIP CODE AND PHONE NUMBER

| | 32. SCARS/MARKS/TATTOOS |
|---|---|
| 1. | |
| 2. , | 33. HAT | 34. JACKET | 35. PANTS |
| 3. | 36. COAT | 37. SHIRT | 38. SKIRT/DRESS |

**39. WALES/NCIC CHECK**

| CHECK MADE BY (Name) Vtucci | NCIC NUMBER | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☒ No ☐ Unnumbered |
|---|---|---|

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) ▶ 1815 Pennsylvania Ave NW #220 | DATE OF OFFENSE ▶ 5/15/02 | TIME OF OFFENSE ▶ 09:00 |
|---|---|---|

| 40. LOCATION OF ARREST (Exact Address, include Room / Apt No.) ▶ 733 15th St NW 7th Floor | DATE OF ARREST ▶ | TIME OF ARREST ▶ |
|---|---|---|

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▶ | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▶ |
|---|---|

**43. DEFENDANT ADVISED OF RIGHTS**

| DATE | TIME | LOCATION | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A | BADGE NO. | UNIT |
|---|---|---|---|---|---|

**44. COMPLAINANTS / WITNESSES** (If sworn member – Name, Rank, Badge No. and Unit)    MORE ☐  See Back

| NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|
| W-1 ▶ Federal Services Inc. | 1815 Pennsylvania Ave NW #220 | Adult | | (202) 347-3100 |
| W-2 ▶ Office Depot | 8870 Greenwood Pl. Savage, MD | Adult | | (800) 890-4914 |

| 45. SPEC. OPS None | 46. TACTICS | 47. PREMISES | 48. SCHOOL ZONE ☐ PUBLIC HOUSING ☐ |
|---|---|---|---|

| CHARGES | NCI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA/BOND RECEIPT NO |
|---|---|---|---|---|
| 1. Fraud in the First Degree | Unnumbered | 189-435 | Lock up | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

(ENTER THE LEAD CHARGE FIRST)

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|
| PROPERTY BOOK/PAGE NO. | CSES NO. | | |

52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS

| 54 CH ABUSE ONLY HEIGHT | WEIGHT | HAIR | EYES | COMPLEX | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor; Page4, Unit Copy; Page 5 Officer's Copy

**COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK**

EMPLOYMENT HISTORY (List present employment if any, on Line 1)

| | FROM –DATE –TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|---|
| 1. | Present | | | | |
| 2. | | | | | |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE ☐ YES ☐ NO ☐ REFUSED | 59. PHONE NUMBER |
|---|---|---|

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)

The event occurred on 5/15/02 at approximately 09:00 at 1815 Pennsylvania Ave NW #220 in Washington DC.

On 5/15/02 a subject contacted Witness 1, a Representative for Federal Services Inc, the owner of office space located at 1815 Pennsylvania Avenue, Northwest, Washington, District of Columbia #220, who identified himself as Doctor Derek Curtis, and made arrangements to rent office space for a period of 6 months at $500.00 a month.

According to Witness 1, Derek Curtis identified himself as a medical doctor with George Washington University Hospital and stated that he was working on a special project with the National Institute of Health and the Federal Government would pay the rent. The DEFENDANT, Derek Curtis, told Witness 1 that he was expecting a check from the General Services Administration in the amount of $3,000.00 payable to Federal Service Inc. Payment to Federal Services Inc. has not been made as of this date.

In late September 2002 the DEFENDANT identified himself to Witness 2, an employee of Office Depot, as Steve Warren or Steve Warman and stated that he was an employee of the Health Care Administration, a Federal Government Agency, working with the National Institute of Health and that merchandise purchased from Office Depot would be paid for when his company received the funds from the General Services Administration. The items were delivered to the address at 1815 Pennsylvania Ave NW #220.

In early/Mid October The DEFENDANT approached Witnesses 3 and 4 stating that he was part of a Federal Agency and wanted to rent some office space. The DEFENDANT identified himself to Witnesses 3 and 4, employees of 15th Street Executive Suites Inc. as Dr. Derek Curtis and stated that he was doing research for the National Institute for Health and that the Federal Government would pay the rent. The DEFENDANT made these representations at the time he began to lease the offices.

None of the Complainants have received any payment from the Defendant or the business, Heath Care Administration, for any of the property or rent in this case. Detective George Rada stated that he confirmed that Defendant 1 is not a licensed Doctor.

INVESTIGATION

On 12/11/02 at approximately 08:20 hours the undersigned Detective, via telephone, interviewed Witness 2 the Sales representative from Office Depot. Witness 2 stated that IT met Steve Warren in Washington, DC shortly after the World Bank/ IMF meetings around September 2002 at the 1815 Pennsylvania Ave NW #220.

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)]

| 62. RECORD CLERK'S NAME Vtucci | | 3. | | 5. | | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|---|---|
| | ARREST RECORD SUMMARY | 4. | | 6. | | |
| 1. | 2. | | | | | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no
(If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME – OFFICER MAKING STATEMENT Tucci Vincent | BADGE NUMBER DT1222 | RANK Det | 68. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|---|
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT SIB | DATE 12/24/2002 | UNIT | DATE |

**NAME:** Curtis, Derek Dione
**ARREST NUMBER:** 09020
**CCN:** 189-435

Witness 2 stated the DEFENDANT had told IT that his organization, Health Care Administration, was working with the Center for Disease Control in Atlanta and was responsible for starting the office in Washington, DC. Witness 2 said that IT did not observe anyone one else in the office during IT'S visits and that the Defendant always had explanation as to why there were no employees in the office.

On 12/11/02 at approximately 15:50 hours Detective Vincent Tucci and Special Agent James Hitchcock of the United States Secret Service responded to 733 15th St NW, 7th Floor and interviewed WITNESS 3, a Representative of 15th Street Executive Suite Services, in reference to the DEFENDANT, Derek Curtis. This Witness was shown a photo array of 6 Pictures.

On 12/11/02 WITNESS 3 stated during an interview that there were numerous computers, office supplies and furniture located in one of the Suites occupied by the Defendant, Derek Curtis. When WITNESS 3 opened the door to Detective Tucci told the Suite IT that we could not go in or search the location. Detective Tucci observed before the door was closed computer boxes, what appeared to be a new desk and various office supplies.

WITNESS 3 identified the DEFENDANT by providing a copy of his Virginia driver's license. WITNESS 3 also showed Detective Tucci a copy of the DEFENDANT'S Maryland identification with his picture. After looking at the photo array and tentatively picking photo number 5, the DEFENDANT, WITNESS 3 compared the photograph depicted in the DEFENDANT'S driver's license and identification card to the array to solidified IT'S choice of photo number 5.

On the same date, 12/11/02, at 16:12 hours Detective Vincent Tucci and Special Agent James Hitchcock interviewed WITNESS 4, and showed IT the same 6 picture spread as Witness 3 and IT identified picture #5 stating, "That's him". When asked who the him was IT stated Dr. Derek Curtis. This array was conducted separate and apart from Witness 1.

On 12/12/02 at approximately 1300 hours at the offices of the Financial Crimes and Fraud Unit Detective Tucci showed Witness 2 a photo array containing a picture of the DEFENDANT, Derek D. Curtis. Witness 2 identified the DEFENDANT known to IT as Steven Warren. The DEFENDANT'S true identity is Derek Dione Curtis, date of birth 6/2/57, Police Identification Number 545-812

During the course of this investigation the DEFENDANT identified himself to three different Witnesses as both, Doctor Derek D. Curtis and Steve Warren the

**NAME:** Curtis, Derek Dione
**ARREST NUMBER:** 09020
**CCN:** 189-435

head of the Health Care Administration and CEI Healthcare Administration. It is become apparent through this investigation that the DEFENDANT has deliberately missrepresentated himself as a Doctor employed by or working with the National Institutes of Health to Federal Services Inc., 15th Street Executive Suites Inc, Office Depot and Solutions 4 Sure.

To date the, the aggregate of the losses suffered by the Complainants is approximately $50,000.00.

A check of the DEFENDANT'S arrest record revealed that he has been arrested on 23 occasions for numerous offenses which include but are not limited to the False Impersonation of an US officer, Fraud, Forgery, Theft and Uttering dating back to 1977 and as recently as December of 2002.

A check of databases with the National Institutes of Health and the American Medical Association revealed no association between Derek Curtis or the companies he is apart of are associated with the National Institutes of Health and he is not listed with the American Medical Association as doctor.

On 12/24/02 and arrest warrant for the DEFENDANT was issued for by DC Superior Court Judge charging him with First Degree Fraud.

On            the DEFENDANT was stopped and arrested on the outstanding arrest warrant.

| Vincent Tucci | **Detective** | Date | **Official** | Date |

# COLUMBO
*Criminal Intelligence System*



# Arrest: Details

| Arrest Number | Arrest Date | | Arrest Time |
|---|---|---|---|
| 090300623 | 05/22/2003 00:00 | | 1400 |

| First Name | Middle Name | Last Name | Suffix | Nickname |
|---|---|---|---|---|
| DEREK | DIONE | CURTIS | | |

| Home Address | | Apt Number | City | State |
|---|---|---|---|---|
| 3376 CURTIS RD | | | SUITLAND | MD |

| Sex | Race | Ethnicity | Date of Birth |
|---|---|---|---|
| Male | Black | A | 19570602 |

| Height | Weight | Eyes | Hair | Complexion | Place of Birth |
|---|---|---|---|---|---|
| 506 | 150 | BRO | BLK | MED | MA |

| PDID | SSN | Driver's License Number | DL State | FBI Number | Misc ID Number |
|---|---|---|---|---|---|
| 545812 | 220717010 | | | | |

| Marital Status | Employment Status | Felony | Felony Count | Years of Education | Salary |
|---|---|---|---|---|---|
| | N | | | | 030522 |

| AO Badge Number | AO Last Name | AO SSN |
|---|---|---|
| D222 | V TUCCI | |

| Arrest Address | Arrest Apt Number | Arrest Location Code | PSA |
|---|---|---|---|
| 733 15TH ST NW | 7FL | 1015007335 | 101 |

| Booking Date | Booking Time | Docket Number | NCIC Number |
|---|---|---|---|

SEARCH
J

BUIL.

05/22/2003 00:00  1621      F02987 03  0305221807

## Charge #1

| Arrest/Charge Number | Category | Offense Code | Charge Disposition |
|---|---|---|---|
| 090300623/1 | 11 | FRAUD (FIRST DEGREE) | L |

| CCN | Warrant Number | Receipt Number | NOI Number |
|---|---|---|---|
| 189435 | USW1945502 | | |

| Offense Date | Offense Time | Offense Address | Offense Apt | Location Code |
|---|---|---|---|---|
| 05/15/2003 00:00 | 0900 | 1815 PA AVE NW | | 1698118155 |

| Victim Last Name | Victim First Name | Victim Middle Name | Victim Address | Victim Apt Number | Victim City | Victim State |
|---|---|---|---|---|---|---|
| INC | FEDERAL | SERVICES | 1815 PA AVE NW | 220 | WASH | DC |

| Victim Age | Victim Race | Victim Sex |
|---|---|---|
| | | |

| Court Date | Court Type | Bond Amount | Posting Location |
|---|---|---|---|
| 05/23/2003 00:00 | | | |

**Charge Unlisted**

FRAUD (FIRST DEGREE)

Report Incorrect Data

# 296927 - CURTIS, DEREK

| | |
|---|---|
| **Institution:** | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **Current Location:** | RELEASED |
| **Record Status:** | INACTIVE |
| **Booking Number:** | 2003-06089 |
| **PDID Number:** | 545812 |
| **Social Security #:** | ▮ |
| **US Marshal #:** | N/A |
| **# Total Bookings:** | 1 Booking History |
| **Commitment Date:** | 05/23/2003 |
| **Release Date:** | 05/30/2003 |
| **Release Type:** | X COURT ORDERED RELEASE |
| **In Custody Of:** | SELF |
| **Parole Elig. Date:** | N/A |
| **Short Term Date:** | N/A |
| **Full Term Date:** | N/A |



---

## Personal Data

| | | | |
|---|---|---|---|
| **Sex:** | MALE | **Race:** | BLACK |
| **Birth Date:** | 06/02/1957 | **Ethnicity:** | AFRICAN AMERICAN |
| **Birth Place:** | DC | **Education:** | N/A |
| | | **Occupation:** | N/A |
| **Hair:** | BLACK | | |
| **Eyes:** | BROWN | **Address:** | 3376 CURTIS DR |
| **Weight:** | 215 | | SUITLAND, DR |
| **Height:** | 5' 7" | | |

**Aliases:**   (No Alias SSN's)   (No Alias Names)

---

## Charges

**Charge: SUP-U098 - FRAUD 1ST DEGREE**

**Case#:** F0296703

**Court:** SUPERIOR COURT

| | | | |
|---|---|---|---|
| **Offense Date:** | 05/23/2003 | **Min Sentence:** | |
| | | **Max Sentence:** | |
| **Date Charged:** | 05/23/2003 | **Date Sentenced:** | N/A |
| **Count:** | N/A | **VVCC:** | $ N/A |
| | | **Bond Amount:** | $ N/A |
| **Disposition:** | G - COURT ORDERED DISMISSAL/RELEASE | **Bond Type:** | N/A |

---

# Detainers

(No Detainer History)

---

# Transfer History

| | Date/Time | Institution |
|---|---|---|
| **From:** | 5/23/2003 5:32:58 PM | INITIAL |
| **To:** | 5/23/2003 5:32:58 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| | | |
| **From:** | 5/30/2003 11:04:34 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **To:** | 5/30/2003 11:04:34 PM | RELEASE |

---

# Booking History

| Booking# | Commitment Date | Release Date | |
|---|---|---|---|
| 2003-06089 | 05/23/2003 | 05/30/2003 | <<<---Displayed Above |

---

# EXHIBIT C

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEREK CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO.: 06-2029 (GKK) |
| | ) |
| CHARLES RAMSEY, *et. al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AFFIDAVIT

I, GEORGE ANDREW RADA, JR., swear and affirm that the following is true and accurate to the best of my knowledge, information and belief:

1. I am a Detective with the Metropolitan Police Department.

2. On November 3, 2006, a co-worker handed me copies of the Summons, Complaint and Initial Order in this case. I was told that the documents had been left for me at the front desk.

3. I did not authorize service of process in this manner, nor did I receive any communication from the plaintiff seeking my authorization to leave the Summons, Complaint and Initial Order at the front desk.

4. I have provided this affidavit of my own free will and was neither coerced, threatened nor promised remuneration of any kind to do so.

Dated:  December 20, 2006

GEORGE ANDREW RADA, JR.

I, _Julia Johnson_____, a Notary Public in and for the District of Columbia, do hereby certify that, GEORGE ANDREW RADA, JR., whose name is signed to the foregoing Affidavit, bearing the date the _21_ day of December, 2006, personally appeared before me and executed the said Affidavit, and acknowledged the same to be his act and deed.

And the said, GEORGE ANDREW RADA, JR., further made oath that he had carefully read and fully understood the same, and that his execution thereof was voluntary.

Given under my hand and official seal this _21_ day of December, 2006.

NOTARY PUBLIC

My commission expires:

JULIA JOHNSON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 31, 2010

2

# EXHIBIT D

## Superior Court of the District of Columbia

### CIVIL DIVISION

### RECEIVED

FILED
CIVIL ACTION BRANCH

NOV -5 2006

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

DEREK CURTIS

_____ 2006 NOV -5 P II: 01
                Plaintiff

        vs.                DISTRICT OF COLUMBIA
                           COURT Civil Action No. 2006-06789 B

METROPOLITAN POLICE DEPT, et al

_____
                Defendant

### AFFIDAVIT OF SERVICE BY PROCESS SERVER

I, __Natalie De Bose__ _____, having been

duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose

and say:

That my age and date of birth are as follows: __45 years old__

__DOB: 64-22-61__

That the residential or business address is: __1717 K St. NW, Wash. DC. — office__

That at __8:50__ o'clock a.m./p.m. on the __2nd__ day of __November__

20 __06__.

☐ I served the above named defendant(s)    (personally) _____

_____ (defendant's name) a copy

of the Summons, Complaint and Initial Order at _____

☒ I served the above named defendant(s) __Detective Vincent Tucci__

(defendant's name) by leaving a copy of the Summons, Complaint and Initial Order at his/her place of abode or business

at __500 Indiana Ave NW, Wash DC__ with __Ms. Tilson, a/o of General Counsel/person of__  MPD

approximately __30__ years of age, who stated that he/she resides therein with the defendant.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from

which the Courts can determine that the person who signed the receipt meets the appropriate qualifications for

receipt of process as required by SCR. (Civil) 4 (e) (2).

SPECIFIC FACTS:

_____ Natalie De Bose
                                          Signature

Subscribed and sworn to before me this __4__ day of __November__ _____, 20 __06__

DIANE L. TURNER
Notary Public, District of Columbia
Commission Expires: 9/14/07

_____
                          Deputy Clerk/Notary Public

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEREK CURTIS,                    )
                                 )
                Plaintiff,       )
                                 )
        v.                       )        CIVIL ACTION NO.: 06-2029 (GKK)
                                 )
CHARLES RAMSEY, *et. al.,*       )
                                 )
                Defendants.      )
_____      )

**AFFIDAVIT**

I, VINCENT TUCCI, swear and affirm that the following is true and accurate to the best of my knowledge, information and belief:

1. I am a Detective with the Metropolitan Police Department.

2. On December 6, 2006 I received a copy of the Affidavit of Service of by Process Server in this case through the Law Firm of Anderson, Coe and King, attorney's for 15th Street Executive Suites. I was told by their Attorney that the Plaintiff represented to the Superior Court of the District of Columbia that I had been personally served by through the Office of the General Counsel for Metropolitan Police Department. I reviewed the copy of the summons that was alleged to have been served to me and learned that the documents had purportedly been left for me at the front desk of the Office of the General Counsel for the Metropolitan Police Department.

3. I did not authorize service of process in this manner, nor did I receive any communication from the plaintiff seeking my authorization to leave the Summons, Complaint and Initial Order at the front desk of the Office of the General Counsel for the Metropolitan Police Department.

4. I have provided this affidavit of my own free will and was neither coerced, threatened nor promised remuneration of any kind to do so.

Dated:  December 21, 2006

VINCENT TUCCI

I, _DANIE DOYE_ , a Notary Public in and for the District of Columbia, do hereby certify that, VINCENT TUCCI, whose name is signed to the foregoing Affidavit, bearing the date the 21st day of December, 2006, personally appeared before me and executed the said Affidavit, and acknowledged the same to be his act and deed.

And the said, VINCENT TUCCI, further made oath that he had carefully read and fully understood the same, and that his execution thereof was voluntary.

Given under my hand and official seal this 21st day of December 2006.

NOTARY PUBLIC

My commission expires: Jan. 31, 2009

2