## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**DEREK CURTIS,**
**Plaintiff,**

207 MAR 14  PM 10: 44

**v.**

NANCY M.
MAYER-WHITTINGTON
CLERK

Civil Action No.    1:06-cv-02029

**CHARLES RAMSEY, et al,**
**Defendants.**

RECEIVED

MAR 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S RESPONSE TO
## MOTIONS TO DISMISS & FOR SUMMARY JUDGMENT

COMES NOW, Derek Curtis, Plaintiff, and respectfully moves this honorable court to deny defendants Motions to Dismiss and for Summary Judgment on the grounds that defendants conspired to hinder, harm, and harass plaintiff as an effort to deprive plaintiff of his property and liberty. Plaintiff states the following in support of this request.

1. The evidence in this case will unequivocally demonstrate that defendants "knowingly and willfully" entered in a conspiracy to harm and deprive plaintiff of his liberty and property all in violation of the Constitution of the United States.

2. Plaintiff signed a lease agreement with the 15th Street Executive Suite for office space owned by Defendant John Gerstenfeld and operated by Defendant Roger Gerstenfeld.

3. On December 6, 2002, Defendant Roger Gerstenfeld called police and told police to escort plaintiff off the premises because of unpaid rent.

4. Though defendant Roger did not have a court order to evict plaintiff nor the authority to escort plaintiff from the premises, Defendant's Sherry Fenner and her partner (Defendant Unknown Officer) ordered plaintiff to leave the premises with them.

5. During the escort Defendant Roger Gerstenfeld told officers to make plaintiff sign a typed document stating that plaintiff was voluntarily relinquishing his rights to the leased office space. When plaintiff refused to sign the document the defendant unknown officer ordered plaintiff to

"shut-up" and threatened additional harm to plaintiff if he did not sign the document as requested by landlord. When plaintiff refused to sign the document, defendant Roger and John Gerstenfeld requested defendant's Fenner and the unknown officer to do a background check on plaintiff. Defendant Officers agreed to run plaintiff's name via NCIC at which time Defendant Rada's warrant appeared and plaintiff was placed under arrest and ordered to sign the document typed by defendant Roger Gerstenfeld.

7. Defendant Fenner removed plaintiff's belt, wallet and money from the person of plaintiff and placed the belongings in plaintiff's office on the same premises, shut the door and gave plaintiff's keys to the office to defendant Roger Gerstenfeld.

8. In the absence of Plaintiff, Defendant's Roger and John Gerstenfeld entered into plaintiff's leased space and took possession of Plaintiff's personal belongings including plaintiff's briefcase, $3,5550.00 U.S. Currency, computers, printers, business documents, equipments, furniture and supplies which valued approximately $127,500.00 or more.

9. Plaintiff avers that NONE of the property listed in paragraph 8 &/or the complaint were returned to plaintiff or the company.

10. On Saturday, December 7, 2007, plaintiff was released from custody (the day following the arrest). Plaintiff went to the office after his release to get his coat and personal belongings, but was denied access to the property by defendant Roger and John Gerstenfeld. Therefore, Plaintiff called the police to the building. When the Metropolitan police arrived (Defendant's unknown officers) officers refused to go against defendants Gerstenfeld and Tucci. Unknown officers "knowingly and willfully" entered into a conspiracy to harm, hinder and deprive plaintiff of his property solely as an effort to perfect the malicious scheme to harm and harass plaintiff.

11. Defendant's conspired to do more harm when they stole plaintiff's wallet, briefcase and other possessions and falsely accused plaintiff of criminal wrongdoing..

12. Plaintiff avers that due to the second filing of criminal charges plaintiff was detained without bond for seven (7) days.

13. Defendant Office Depot met with and sold products to plaintiff. Defendant Office Depot made a copy of plaintiff's license and credit card. However, the same defendant remained silent while plaintiff was falsely accused of giving false identity. The same defendant who had copies of Plaintiff's identification conspired with others to perfect the malicious scheme to harm and deprive plaintiff of his liberty and property. Defendant Office Depot had evidence at all times to clearly negate the alleged fraud allegations noted in the warrant affidavit. Though Defendant Office Depot deliberately remained silent and hidden throughout the entire criminal proceedings, Plaintiff's innocence prevailed and all charges were dismissed.

14. Evidence will reveal that both criminal cases were part of an elaborate scheme to harm and deprive Plaintiff of his liberty, business, and property.

15. The records unambiguously reveals that plaintiff filed a timely civil action. Inevitably, a jury will clearly see the on-going misconduct by defendants which continued throughout the entire criminal proceedings. The two criminal cases were held simultaneously.

16. Plaintiff avers that NONE of his personal property nor the business property was returned to plaintiff or the business. The company suffered a great loss and would have been in business today had it not been for the defendants malicious acts and/.or behavior. Due to the defendants acts the business had to expire and Plaintiff suffered irreparable harm.

17. It should be noted that Defendant Tucci represented himself as an agent of U.S. Secret Service. Evidence reveals that Defendant Tucci "knowingly and willfully" lied to a Magistrate solely as an effort to try to make all of the illegal activities by the other defendants a legal act. The same defendant deliberately initiated a fishing expedition via invading plaintiff's privacy hoping to find evidence of wrongdoing, but to no avail. The records reflect the same defendants full knowledge that the documents, license and other personal possessions belonging to Plaintiff was stolen by other defendants and used against plaintiff to harm, harass, and deprive him (plaintiff) of his liberty and property.

18. Plaintiff avers that all defendants listed in the initial complaint were properly served including Officers Rada, Tucci, Renee Fenner and Micheal Gerstenfeld

19. Plaintiff avers that Defendant Sherry Fenner, Badge #0164 and S. John Gerstenfeld & SJG PROPERTY will be served by a processor on or before March 14, 2007 and will be served again once this honorable court grants the Motion to Amend the Complaint.

WHEREFORE, for the reasons stated above, Derek Curtis, Plaintiff, respectfully asks this honorable court to deny defendants Motions to Dismiss and Summary Judgment and initiate the proceedings for a jury trial accordingly. Further, Plaintiff asks this honorable court to accept the Plaintiff's Response to Defendant's Motion to Dismiss and Motion for Summary Judgment as Opposition to motions. Plaintiff avers that an evidentiary hearing will inevitably demonstrate the validity and truthfulness of the above assertions and facts. Plaintiff asks this honorable court for further relief as this court deems proper and just.

Respectfully Submitted,

DATE: 14th March 2007

Derek Curtis
Plaintiff

## CERTIFICATE OF SERVICE

I, _Derek Curtis_, certify that on this _14th_ day of March, 2007, I

forwarded true and correct copy of the foregoing Motion to Amend Complaint and Plaintiff

Response to Defendants Motion to Dismiss and Motion for Summary Judgment to the following

persons.

OFFICE DEPOT
c/o Mr. Kevin A Kernan, Esquire
WHITFORD, TAYLOR & PRESTON L.L.P.
1025 Connecticut Avenue, NW., Suite 400
Washington, D.C. 20036-5405

Toni Michelle Jackson, AAG
c/o Charles Ramsey
441 4th Street, N.W., Suite 6S052
Washington, D.C. 20001

Toni Michelle Jackson, Esquire
c/o Vincent Tucci
441 4th Street, N.W., Suite 6S052
Washington, D.C. 20001

Toni Michelle Jackson, Esquire
c/o George Rada
441 4th Street, N.W., Suire 6S052
Washington, D.C. 20001

Roger Gerstenfeld & 15TH Street Executive Suites
c/o Micheal J. Carlson, Esquire
ANDERSON, COE, & KING, LLP
201 N. Charles Street, Suite 2000
Baltimore, MD. 21202

S. John Gerstenfeld & SJG PROPERTY
c/o Micheal J. Carlson, Esquire
ANDERSON, COE, & KING, LLP
201 N. Charles Street, Suite 2000
Baltimore, MD. 21202

Derek Curtis