IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DEREK CURTIS,**
    Plaintiff,

v.                        Civil Action No. **1:06-cv-02029**

**CHARLES RAMSEY, et al,**
    Defendants.

RECEIVED
MAR 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO AMEND COMPLAINT

COMES NOW, Derek Curtis, Plaintiff, and respectfully asks this honorable court to grant this Motion to Amend Complaint. Plaintiff states the following in support of this request.

1. Plaintiff avers that during the process of serving defendants it was made known that some of the defendants names were incorrect and/or names were not known at the time the complaint was written..

2. Plaintiff has made the necessary changes to correct the information relevant to the defendants accordingly.

3. Plaintiff asks that all defendants be liable individually and in the capacity in which they served at the time of the offense.

4. Plaintiff avers that Charles Ramsey and/or the Metropolitan Police Department was negligent at the time of the alleged malicious acts against plaintiff.

WHEREFORE, for the reasons stated above, Derek Curtis, Plaintiff, respectfully asks this honorable court to grant this Motion to Amend Complaint.

Respectfully Submitted,

Derek Curtis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 MAR 14 PM 10: 43

NANCY M.
MAYER-WHITTINGTON
CLERK

DEREK CURTIS
310 Elm Leaf Avenue
Capital Heights, MD. 20743,
        Plaintiff,
v.

Civil Action No. __1:06-cv-02029__

CHARLES RAMSEY, CHIEF OF POLICE
METROPOLITAN POLICE DEPARTMENT
300 Indiana Avenue, N.W.
Washington, D.C. 20005

VINCENT TUCCI, Individually
METROPOLITAN POLICE DEPARTMENT
500 Indiana Avenue, N.W.
Washington, D.C. 20005

ROGER GFRSTENFELD, Individually
805 15TH Street, N.W., Suite L100
Washington, D.C.

S. JOHN GERSTENFELD, Individually
805 15th Street, NW. Suite 202
Washington, D.C.

SHERRY FENNER, Badge #0164, Individually
METROPOLITAN POLICE DEPARTMENT
415 4th Street, S.W.
Washington, D.C.

GEORGE RADA, Badge #D2-249, Individually
METROPOLITAN POLICE DEPARTMENT
215 3RD Street, N.E.
Washington, D.C.

ROGER GERSTENFELD
c/o FIFTEENTH STREET EXECUTIVE SUITES
805 15TH Street, N.W.
Washington, D.C.

S. JOHN GERSTENFELD, Owner
c/o S J G PROPERTY
805 15TH Street, N.W.
Washington, D.C.

OFFICE DEPOT
2200 Old Georgetown Road
Delray, FL. 33455

UNKNOWN OFFICER, Individually
METROPOLITAN POLICE DEPARTMENT
415 4TH Street, S.W.
Washington, D.C.

UNKNOWN AGENTS
United States Secret Service
1800 G Street, N.W.
Washington, D.C. 20006,

UNKNOWN OFFICERS, Individually
METROPOLITAN POLICE DEPARTMENT
415 4TH Street, S.W.
Washington, D.C.  20024
              **Defendants.**

## COMPLAINT

Plaintiff is a United States citizen. Plaintiff suffered constitutional deprivations when defendants conspired together and executed their racially motivated scheme to deprive him of his civil rights guaranteed by the 4th, 5th, and 14th Amendments to the United States Constitution.

Plaintiff avers that he and his company, (Office of Healthcare Systems & Management) suffered substantial injury ( personally and the company) because of the false arrest, illegal imprisonment, malicious prosecution and the wide-range of civil and criminal acts against plaintiff all in violation of the Constitution and laws of the United States.

## JURISDICTION

This court has jurisdiction of any civil action to redress the deprivation of any right secured by the United States Constitution. Jurisdiction for this civil action is pursuant to 42 USC 1983, 28 USC 1343, 42 USC 1984, 42 USC 1985 and 42 USC 1986.

## RELIEF

Plaintiff is entitled to damages, injunctive and equitable relief and redress because of the deprivation of federal constitutional and statutory rights and personal injuries he suffered which were caused by the acts and omission of the defendants who acted "under color" and/or "under color of law". Plaintiff was irreparably harmed by the violations of his civil rights protected by the Constitution and laws of the United States.

## DEPRIVATION OF CIVIL RIGHTS

Defendants devised an elaborate conspiracy to harm and deprive plaintiff of his constitutional rights to liberty and property. Defendants acts were deliberate and with criminal intent including the racial harassment, unlawful arrest, illegal imprisonment and other acts all in violation of 18 USC 242, deprivation of civil rights under color of law, fraud, perjury and obstruction of justice.

## STATEMENT OP FACTS

1. Defendant Roger Gerstenfeld, knowingly and willfully stole plaintiff's wallet, brief case, and other personal property and used this property to perfect his scheme to illegally evict plaintiff and his company OHSM from the 15th Street Executive Suites.

2. Defendants Metropolitan Police Department including Renee Fenner conspired with others to perfect Defendant Gerstenfeld's scheme via enforcing an illegal eviction from the 15th Street Executive Office Suites where plaintiff and his company operated business pursuant to a lease agreement established by plaintiff and defendant..

3. Defendants knowingly and willfully misrepresented and/or abused their authority via lying to the Magistrate/Judge as an effort to obtain an arrest warrant for plaintiff.

4. Defendants knowingly and willfully executed their plan to illegally arrest and imprison plaintiff.

5. Defendants obstructed justice when they knowingly withheld evidence and/or information that would have kept plaintiff from being arrested and imprisoned.

6. Plaintiff was arrested and placed in custody for several days.

7. Plaintiff went to his office at the 15th Street Executive Suite and was denied access to this office by Gerstenfeld who declared that Defendant Tucci ordered that plaintiff have no access to his office nor to his wallet, briefcase, personal property, company documents and company furniture and equipment.

8. Defendant Roger Gerstenfeld stole plaintiff's wallet, briefcase, $3,800.00 U.S. Currency, personal checks, business checks, and other items from plaintiff's private office.

9. Defendant Tucci "knowingly" received the stolen goods from Gerstenfeld and used the wallet contents to illegally obtain a search warrant and seize unknown items and/or documents.

10. Defendant's stole plaintiff's laptop computer, desktops computers, printers, calculators, office furniture, office equipment and other personal and business property which were in plaintiff's leased office space.

11. Defendant Ramsey and others at the Metropolitan Police Department "knowingly" aided and abetted Defendants Roger Gerstenfeld and Samuel J.Gerstenfeld in illegally evicting plaintiff and his business from the office and illegally taking possession of plaintiff's property. At all times defendants denied plaintiff access to his property.

12. Defendant Rada "knowingly" initiated the harassment against plaintiff via submitting a bogus allegations of a bad check. Rada NEVER saw or possessed a bad check from plaintiff, Rada abused his police powers via lying to obtain a warrant for an alleged bad check. Court records will clearly demonstrate that Rada falsely accused plaintiff as an effort to perfect the harassment and wrongful imprisonment.

13. Defendant Office Depot "knowingly" participated in this malicious scheme against plaintiff when they offered false information to other defendants and agreed with defendants to provide the court with false information to perfect their scheme against plaintiff. Defendant Office Depot actions were slanderous, accusative, and was used to illegally obtain some office furniture and equipment.

14. Defendant Fenner and unknown officer (defendant's partner at the time) illegally seized plaintiff's wallet, money, briefcase, and other items of value and turned them over to defendant's Gerstenfeld (Roger & Samuel). Defendant's refused to give property back to plaintiff.

15. Defendant Fenner and the unknown officer ordered illegally evicted plaintiff from the Executive Office Suite. Fenner ordered plaintiff to sign documents for Gerstenfeld and to stay out of the office building.

16. Defendant Metropolitan Police Department were racially motivated and the department was used to perfect the illegal acts and/or actions against plaintiff. The defendants police powers and/or position was a factor in this scheme and was illegally exercised against plaintiff which caused irrevocable harm, pain, and suffering.

17. Plaintiff called defendants M.P.D. to assist him in obtaining his wallet and personal property and all furniture and equipment in this leased office space, but defendant refused assist plaintiff that they were supporting co-officers actions.

18. Defendant's conspired to harm plaintiff and did so with malice.

19. Defendants deprived plaintiff of his right to privacy, liberty, and property.

20. Defendants Samuel Gerstenfeld and Roger Gerstenfeld never applied for and/or obtained a court order to evict plaintiff from the leased office space.

21. Defendants used the judicial system to perfect their malicious conspiracy against plaintiff.

22. Plaintiff's business was irreparably harmed by defendants actions, especially when defendant's stole business documents and allowed others to illegally enter plaintiff's leased office space.

23. Defendant took full possession of all stolen goods and refused to return property to plaintiff.

24. Plaintiff suffered substantial loss because of defendant's actions including, but not limited to reputation, wages/income, health, cash money in office, personal items, business items, and other things of value. The estimated cost for the office equipment is !82,420.00: Wages $173,400.00: Business $3,695,900.00: Total cash in wallet and office $5,800.00 U.S. Currency.

25. Defendants never appeared for court hearings and/or never offered the truth about the false allegations against plaintiff. Defendants remained silent at all times while plaintiff was being wrongfully imprisoned and prosecuted.

26. Both criminal cases (Nos.2002 F-7825 and 2003 F-2897) were dismissed.

Plaintiff asks this court to :

1. Take jurisdiction of this civil action..

2. Grant declaratory judgment.

3. Grant a jury trial.

4. Order defendants to pay all legal fees incurred by plaintiff throughout this civil action.

5. Grant compensatory damages of $27,000,000.00.

6. Grant punitive damages of $30 Million Dollars.

7. Other action as this court deems proper and just.

I, _____, declare under the penalty of perjury that the above is true and correct.


Respectfully Submitted,

DATE: 14 March 2007

Derek Curtis
310 Elmleaf Avenue
Capital Heights, MD. 20743