**U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEREK CURTIS | * |
|    Plaintiff | * |
| v. | * |
| CHARLES RAMSEY, CHIEF OF POLICE METROPOLITAN POLICE DEPARTMENT *et al.* | *  Civil Action No.: 1:06-cv-02029 |
| | * |
|    Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ROGER GERSTENFELD'S AND FIFTEENTH STREET EXECUTIVE SUITES' REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS TO DISMISS & FOR SUMMARY JUDGMENT**

Roger Gerstenfeld and Fifteenth Street Executive Suites, Defendants, by their attorneys, Robert H. Bouse and Michael J. Carlson, hereby reply to Plaintiff's Response to Motions to Dismiss & for Summary Judgment and state:

**I. Argument**

As the Court is well aware, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the evidence on record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Faced with Defendants' motion for summary judgment, Plaintiff had the burden of providing evidence establishing the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In fact, the Court informed Plaintiff of this

obligation in its Order of February 16, 2007, which directed Plaintiff to respond to Defendants' dispositive motions. The Order is attached as Exhibit 1 (providing the text of Rule 56 and explaining that "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion"). Plaintiff has failed to provide any admissible evidence to oppose the Motion for Summary Judgment.

Defendants, citing to Plaintiff's own verified Complaint, as well as records from the Metropolitan Police Department, demonstrated that Plaintiff's Complaint was filed beyond the period of limitations. As shown in the police records, Plaintiff's purported claims arise from his two arrests, an alleged eviction and other alleged wrongs occurring at the end of 2002 and January, 2003. This case was filed in September, 2006, well outside any of the applicable periods of limitations. In response, Plaintiff merely reiterates his allegations against the various Defendants. His only response to the Statute of Limitations argument raised by these Defendants is found in paragraph 15 of his Opposition, which states: "[t]he records unambiguously reveals [sic] that plaintiff filed a timely civil action." Plaintiff provides no evidence to support this assertion or to challenge the evidence presented by Defendants. As the Supreme Court has explained, conclusory denials or unsubstantiated allegations will not avoid the grant of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

In an attempt to address issues raised by other Defendants as to the identities of the defendants in this action, Plaintiff filed a Motion to Amend Complaint. That Motion, however,

raises no new claims that arise within the period of limitations.[1]  Plaintiff merely repackages the previous claims, clarifying that there should be additional parties to the case.  Where, as here, a proposed amendment is futile or fails to state a claim upon which relief can be granted under FRCP 12(b)(6), a court is fully justified in rejecting the amendment.  *ARE Sikeston Ltd. Partnership v. Weslock Nat., Inc.*, 120 F.3d 820, 832-33 (8th Cir. 1997); *Hayden v. Grayson*, 134 F.3d 449 (1st Cir. 1998).  Regardless of Plaintiff's characterizations of the alleged wrongdoing or who is alleged to have carried out those acts, his action was simply filed too late.

## II.  Conclusion

Therefore, because it is clear and, indeed, undisputed that Plaintiff filed this action well after the statute of limitations had expired, Defendants Roger Gerstenfeld and Fifteenth Street Executive Suites are entitled to judgment as a matter of law.  For this reason, summary judgment should be entered in favor of the Defendants.

Respectfully submitted,

_____/s/_____
Robert H. Bouse, Esquire (MD01926)
Michael J. Carlson, Esquire (MD25258)
ANDERSON, COE & KING, LLP
201 N. Charles Street, Suite 2000
Baltimore, MD  21202
T  (410) 752-1630; F  (410) 752-0085
***Attorneys for Defendants Fifteenth Street Executive Suites and Roger Gerstenfeld***

---

[1] The proposed amended complaint is still based on the same two arrests, (see paragraph 26, identifying case numbers), and the same alleged theft of property and wrongful eviction by these Defendants, (see paragraphs 1, 7, 8, 11 and 20).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2007, a copy of the foregoing Roger Gerstenfeld's and Fifteenth Street Executive Suites' Reply to Plaintiff's Response to Motions to Dismiss & for Summary Judgment, filed this date through this court's ECF system, was served via first-class mail, postage prepaid, to the Plaintiff *pro se*:

>Mr. Derek Curtis
>310 Elmleaf Avenue
>Capital Heights, Maryland  20743

>/s/
>Michael J. Carlson, Esquire (MD25258)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
Derek Curtis,                    )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )   Civil Action No. 06-2029 (GK)
                                 )
Chief Charles Ramsey, et al.     )
                                 )
     Defendants.                 )
```

ORDER

This matter comes before the Court on five Motions to Dismiss and/or Motions for Summary Judgment filed between December 21, 2006 and January 31, 2007. Plaintiff is proceeding pro se in this matter.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a pro se party of the consequences of failing to respond to a dispositive motion. "That notice...should include an explanation that the failure to respond...may result in the district court granting the motion and dismissing the case." Id. at 509.

Subsequently, in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Id. at



456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

The court in Neal also specified that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant. Id. Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, any party, such as Plaintiff, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. See Neal, 963 F.2d at 457-58.

Accordingly, it is hereby

**ORDERED** that Plaintiff respond to Defendants' Motions to Dismiss and Motions for Summary Judgment no later than **March 14,**

2007. If Plaintiff does not respond, the Court will treat the Motions as granted and enter judgment in favor of Defendant.

February 16, 2007

/s/
Gladys Kessler
U.S. District Judge

<u>Copies to</u>: attorneys on record via ECF and

Derek Curtis
310 Elmleaf Avenue
Capital Heights, MD 20743

Officer Renee Fenner
415 4th Street, NW
Washington, DC 20024

Michael Gerstenfeld
805 15th Street, NW
Washington, DC 20004

3