IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEREK CURTIS<br><br>    Plaintiff<br><br>v.<br><br>OFFICE DEPOT, INC., ET AL.<br><br>    Defendants | Case No: 1:06-cv-02029 |

**DEFENDANT OFFICE DEPOT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Office Depot, Inc. ("Office Depot"), by and through undersigned counsel, with its Reply to the Plaintiff's Opposition to its Motion to Dismiss Plaintiff's Complaint, or in the alternative, for Summary Judgment, states as follows:

### I. ARGUMENT

On March 14, 2007, Plaintiff filed his response to the Defendants' Motions to Dismiss and Motions for Summary Judgment. Plaintiff's response fails to provide any admissible evidence to challenge the limitations issues raised in Office Depot's dispositive motion. Plaintiff's response attempts to clarify the facts that allegedly support his action, but it fails to address the temporal aspects of his allegations and it fails to address his failure to file this lawsuit within the applicable statute of limitations.

Regardless of his theory of recovery against Office Depot, the plaintiff's claims are time barred. The Plaintiff's response to Office Depot's dispositive motion confirms that his action against Office Depot stems from his arrest for First Degree Fraud on May 22, 2003 (*See* Exhibit B). The charges against Plaintiff were based upon a police investigation that determined he engaged in

a scheme and systematic course of conduct with intent to defraud and to obtain property from Office Depot.  On December 24, 2002, an arrest warrant was issued for the plaintiff charging him with First Degree Fraud. On May 22, 2003, the plaintiff was arrested on the outstanding warrant and he was released from custody on May 30, 2003 (*See* Exhibit B).

The conduct that plaintiff alleges as the basis of his lawsuit against Office Depot took place in December 2002 when its representative reported to the D.C. Police the plaintiff's failure to pay for his office furniture.  The plaintiff had sufficient notice of Office Depot's alleged conduct no later than May 22, 2003, when the plaintiff was arrested on First Degree Fraud charges.  However, the plaintiff waited to file his Complaint until September 5, 2006, more than three years after he was on notice of any alleged Office Depot conduct that may have caused him injury.  Accordingly, all of Plaintiff's claims against Office Depot, including common law and constitutional claims, are time barred and his Complaint must be dismissed.

For the foregoing reasons, Defendant Office Depot, Inc. respectfully requests this Court dismiss plaintiff's Complaint against Office Depot in its entirety.

    Respectfully submitted,

_____
Kevin A. Kernan (#457194)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW, Suite 400
Washington, DC  20036-5405
(202) 659-6818
(202) 327-6148 (facsimile)
Attorneys for Defendant Office Depot

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of March 2007, a copy of the foregoing was sent by first class mail, postage prepaid to:

> Derek Curtis
> 310 Elmleaf Avenue
> Capital Heights, Maryland 20743

_____
Kevin A. Kernan

198728