UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**DEREK CURTIS,**              )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 06-2029 (GK)
                              )
Cathy L. Lanier,[1]            )
Chief of Police, Metropolitan )
Police Department, et al.,    )
                              )
        Defendants.           )
_____)

### MEMORANDUM OPINION

Plaintiff Derek Curtis brings this action pro se alleging slander, defamation, false imprisonment, malicious prosecution, conversion, conspiracy, deprivation of civil rights, conspiracy to interfere with civil rights, and racial discrimination in violation of 42 U.S.C. §§ 1983, 1984 and 1986. Plaintiff brings these claims against Cathy L. Lanier, Chief of Police of the Metropolitan Police Department;[2] against three law enforcement officers: Detective

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Chief Cathy L. Lanier is automatically substituted as Defendant for former Chief Charles Ramsey.

[2] Plaintiff is suing Chief Lanier in her official capacity, which is equivalent to a suit against the District itself. "When sued in their official capacities, government officials are not personally liable for damages ... A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself." Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted).

Vincent Tucci, Detective Renee Fenner,[3] and Detective George Rada; against Office Depot and Fifteenth Street Executive Suites; and against the following individuals: Roger Gerstenfeld, Michael Gerstenfeld, and Samuel J. Gerstenfeld.[4]  This matter is before the Court on the Motion to Dismiss or in the Alternative, for Summary Judgment of Chief Lanier, Detective Tucci, and Detective Rada [**Dkt. No. 5**]; the Motion to Dismiss, or in the Alternative, for Summary Judgment of Office Depot  [**Dkt. No. 15**]; the Motion for Summary Judgment of Roger Gerstenfeld and Fifteenth Street Executive Suites [**Dkt. No. 6**]; and the Motion for Summary Judgment of Samuel J. Gerstenfeld and SJG Properties, L.L.C. [**Dkt. No. 13**].  Upon consideration of the Motions, Opposition, Response to the Motions, and the entire record herein, and for the reasons stated below, Defendants' Motions for Summary Judgment are **granted.**

---

[3] Defendant Fenner has not filed a responsive pleading to the Complaint.

[4] There is disagreement among the parties as to whether Samuel J. Gerstenfeld and SJG Properties, L.L.C. have been properly joined as Defendants, although the Complaint lists "Samuel J. Gerstenfeld, c/o SJG Property" as a Defendant.  For the purpose of this motion the Court will assume that Samuel J. Gerstenfeld and SJG Properties, L.L.C. have been properly joined.

## I.  BACKGROUND[5]

The allegations contained in Plaintiff's Complaint arise from two separate incidents: (1) Plaintiff's arrest for Theft in the First Degree on December 6, 2002; and (2) Plaintiff's arrest for First Degree Fraud on May 22, 2003.

On May 22, 2002, a warrant was issued for Plaintiff's arrest after a party not involved in this suit reported Plaintiff to the police for failure to pay for services performed and for writing a bad check.  Detective Rada was the lead officer for Plaintiff's arrest on the first charge.  Plaintiff claims that Detective Rada abused his police powers by obtaining this warrant through the use of false information.  On December 6, 2002, Detective Fenner responded to a call from Roger Gerstenfeld requesting that the police escort Plaintiff from rental office property because of unpaid rent.  During this incident, Detective Fenner discovered the outstanding warrant issued on May 22, 2002 and arrested Plaintiff.

Plaintiff claims that Roger Gerstenfeld did not have a court order to evict him and therefore Detective Fenner did not have the authority to escort him off of the property.  Plaintiff also alleges that Chief Lanier aided and abetted Roger and Samuel Gerstenfeld in illegally evicting him and taking possession of his

---

[5] Unless otherwise noted, the facts set forth herein are undisputed and drawn from the parties' Statements of Undisputed Facts submitted pursuant to Local Civil Rule 7(h), the Complaint, and the parties' summary judgment papers.

property, and that the Metropolitan Police Department's actions were racially motivated. Plaintiff also contends that, during his arrest, Detective Fenner took his belt, wallet, and money and placed them in the office at Fifteenth Executive Suites, locked the door, and gave the keys to Roger Gerstenfeld. Plaintiff also claims that Detective Fenner forced him to sign a document relinquishing the leased space at Fifteenth Street Executive Suites.

Plaintiff further alleges that, in his absence, Roger and John Gerstenfeld[6] entered the office at Fifteenth Street Executive Suites and took his "personal belongings including plaintiff's briefcase $3,5550.00 [sic] U.S. Currency, computers, printers, business documents, equipments, furniture and supplies which valued approximately $127,500.00 or more." Pl.'s Resp. to Mot's to Dismiss & for Summ. J. ¶ 8.

The parties agree that the day after his first arrest, Plaintiff tried to return to his office at Fifteenth Street Executive Suites to retrieve his personal property, but was denied access. Plaintiff called the police to the building, but they refused to help him gain entry to the property. Plaintiff claims that this was part of a conspiracy to harm and harass him.

Plaintiff's second arrest on May 22, 2003 arose from business transactions with Defendant Office Depot and a former landlord who

---

[6] There is no defendant named John Gerstenfeld listed on the Complaint.

is not a party to this case. Detective Tucci was the lead officer on this charge. In September of 2002, Plaintiff ordered furniture and office supplies from Office Depot. Office Depot contends that Plaintiff used the alias Steve Warren or Steve Warman to purchase the furniture and that they have not received payment for the merchandise. Office Depot and Plaintiff's former landlord reported Plaintiff to Detective Tucci for failure to pay for office furniture, supplies, and rental fees. Detective Tucci requested that an arrest warrant be issued on December 24, 2002 and Plaintiff was arrested on May 22, 2003. Plaintiff claims that Office Depot conspired to deprive him of his liberty and property and slandered him by providing false information to Detective Tucci and to the Superior Court, which issued the arrest warrant.

Plaintiff filed his Complaint in the Superior Court of the District of Columbia on September 5, 2006. On November 27, 2006, Roger Gerstenfeld and Fifteenth Street Suites removed Plaintiff's Complaint to this Court. Defendants then filed the motions to dismiss and/or for summary judgment that are presently before the Court.

## II.   STANDARD OF REVIEW

Summary judgment may be granted "only if" the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>See</u> Fed.

R. Civ. P. 56(c), as amended December 1, 2007; <u>Arrington v. United States</u>, 473 F.3d 329, 333 (D.C. Cir. 2006).  In other words, the moving party must satisfy two requirements: first, demonstrate that there is no "genuine" factual dispute and, second, that if there is it is "material" to the case.  "A dispute over a material fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  <u>Arrington</u>, (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).  A fact is "material" if it might affect the outcome of the case under the substantive governing law.  <u>Liberty Lobby</u>, 477 U.S. at 248.

In its most recent discussion of summary judgment, in <u>Scott v. Harris</u>, __ U.S. __, 127 S. Ct. 1769, 1776 (2007), the Supreme Court said,

> [a]s we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 . . . (1986) (footnote omitted).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  <u>Liberty Lobby</u>, 477 U.S. at 247-48.

However, the Supreme Court has also consistently emphasized that "at the summary judgment stage, the judge's function is not...to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."

Liberty Lobby, 477 U.S. at 248, 249. In both Liberty Lobby and Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), the Supreme Court cautioned that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, are jury functions, not those of a judge" deciding a motion for summary judgment. Liberty Lobby, 477 U.S. at 255. In assessing a motion for summary judgment and reviewing the evidence the parties claim they will present, "the Court must draw all reasonable inferences in favor of the non-moving party." Reeves, 530 U.S. at 150. "To survive a motion for summary judgment, the party bearing the burden of proof at trial...must provide evidence showing that there is a triable issue as to an element essential to that party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)." Arrington, 473 F.3d at 335.[7]

---

[7] It should be noted that a non-movant's affidavit may suffice to defeat a summary judgment motion if the parties' sworn statements are materially different. Greene v. Dalton, 164 F.3d 671, 674-75 (D.C. Cir. 1999); Arrington, 473 F.3d at 337.

## III. ANALYSIS

### A. Plaintiff's Common Law Causes of Action Are Time-Barred[8]

Plaintiff brings the following common law causes of action: slander, defamation, false imprisonment, malicious prosecution, conversion, and conspiracy. Each will be addressed in turn.

DC Code § 12-301(4) provides a one year statute of limitations for claims of slander, malicious prosecution, false arrest or false imprisonment. If a plaintiff fails to file his or her claim within the appropriate time period, the plaintiff's case must be dismissed. Mullin v. Washington Free Weekly, 785 A.2d 296, 297 (D.C. 2001). The statute of limitations for malicious prosecution begins from the time that the underlying criminal or civil action is disposed of in favor of the plaintiff in the malicious prosecution case, Shulman v. Miskell, 626 F.2d 173, 176 (D.C. Cir. 1980).

It is undisputed that Plaintiff's two criminal cases involved in this suit were dismissed in Superior Court on August 27, 2003 and September 5, 2003. Plaintiff failed to file his claim within the District of Columbia's one year statute of limitations for malicious prosecution and therefore it is time-barred.

District of Columbia law also provides a one year statute of limitations for claims of false arrest and false imprisonment. The

---

[8] Because the Defendant's statute of limitations argument is dispositive, there is no need to address the Defendants' other arguments.

statute of limitations period begins to run the moment that the plaintiff suffers injury, Prouty v. Nat'l R.R. Passenger Corp., 572 F. Supp. 200, 206 (D.D.C. 1983), i.e. when the individual is arrested or imprisoned.  Shulman, 626 F.2d at 176.  Additionally, "a one-action rule applies ...: the plaintiff must bring a single suit for all present and future damages flowing from a discrete [tortious] act ... as soon as he or she becomes aware of some injury on which to base the suit."  Beard v. Edmondson, 790 A.2d 541, 546 (D.C. 2002) (quoting Keefe Co. v. Americable Int'l, Inc., 755 A.2d 469, 476 (D.C. 2000)).

Plaintiff claims false arrest and false imprisonment by Cathy L. Lanier, Chief of Police of the Metropolitan Police Department, Detective Renee Fenner, Detective George Rada, and Detective Vincent Tucci.  It is undisputed that Plaintiff became aware of his alleged injuries from false arrest and false imprisonment when he was arrested on December 6, 2002 and May 22, 2003.  The statute of limitations began to run on those dates.  It is undisputed that Plaintiff failed to file his Complaint within the requisite time period and therefore he is barred from bringing his false arrest and false imprisonment claims.[9]

Libel and defamation actions are also subject to a one year statute of limitations under D.C. Code § 12-301(4).  Where the

---

[9] In Plaintiff's Response to the Motions to Dismiss and for Summary Judgment, he never addresses the merits of the statute of limitations argument, but merely re-iterates the same facts alleged in his Complaint.

9

alleged statement is defamatory on its face, a plaintiff's reputation is damaged immediately upon publication and the statute of limitations begins to run at once. <u>Wallace v. Skadden, Arps, Slate, Meager & Flom</u>, 715 A.2d 873, 882 (D.C. 1998).

Plaintiff brings his claim of libel and defamation against Detective Rada for lying to obtain an arrest warrant. Plaintiff also claims libel and defamation against Office Depot for providing false information to the police in connection with Plaintiff's unpaid office purchases. Since Detective Rada's statements are defamatory on their face, the one year statue of limitations began to run on May 22, 2002 when Detective Rada signed the Affidavit in Support of an Arrest Warrant for Plaintiff. As to Office Depot, the one year statute of limitations began to run on December 12, 2002 when the store made the allegedly defamatory statement to the Metropolitan Police Department. Therefore, Plaintiff's libel and defamation claims are also time barred.

D.C. Code § 12-301(2) provides a three year statute of limitations for the recovery of personal property or damages for its unlawful detention. It is undisputed that Plaintiff became aware of his alleged injury giving rise to his conversion claim on December 7, 2002 when he tried to return to his office to collect his personal belongings, but was denied access. Therefore, Plaintiff failed to file his claim within the three year statute of limitations and is now barred from doing so.

D.C. Code § 12-301(8) applies a three year statute of limitations to all actions "for which a limitation is not otherwise specially prescribed." Conspiracy does not have its own statute of limitations under District of Columbia law. See Sculimbrene v. Reno, 158 F. Supp. 2d 8, 15 (D.D.C. 2001) (holding that a former FBI agent's conspiracy claims against a media commentator were subject to three-year default statute of limitations under District of Columbia law). Plaintiff brought the conspiracy claims against all of the Defendants. Plaintiff was undisputedly aware of his injuries no later than May 22, 2003, the date of his second arrest. Therefore, Plaintiff is also barred from bringing his conspiracy claims.

**B.   Plaintiff's Federal Law Claims Are Also Time-Barred**

The general or residual statute provided by state law for personal injury actions applies to claims brought under 42 U.S.C. § 1983 ("Section 1983"). Owens v. Okure, 488 U.S. 235, 249-50 (1989). The Court explained that adopting the residual statute of limitations makes it easy and predictable for plaintiffs and defendants to ascertain the applicable limitations before filing a Section 1983 claim. Id. at 248. The District of Columbia's general statute for personal injury actions establishes a three year statute of limitations. D.C. Code §12-301(8). Additionally, "[t]he relevant statute of limitations for a § 1985(1) violation in this jurisdiction is three years." Hall v. Clinton, 285 F.3d 74,

11

82 (D.C. Cir. 2002). Finally, 42 U.S.C. § 1986 provides a one year statute of limitations for all actions brought under its provisions. "The statute of limitations clock starts ticking when the plaintiff has sufficient 'notice of the conduct ... which is now asserted as the basis for [his] lawsuit.'" Id. at 82 (quoting Fitzgerald v. Seamans, 553 F.2d 220, 228-29 (D.C. Cir. 1977)).

It is undisputed that Plaintiff had notice of the conduct giving rise to this lawsuit no later than May 22, 2003, when he was arrested for First Degree Fraud. Plaintiff failed to file his complaint within three years of his last arrest (or within one year of his last arrest for his Section 1986 claim). Therefore, he is *a fortiori*, barred from bringing such claims in connection with that arrest or, his earlier arrest on December 6, 2002.

**IV. CONCLUSION**

For the foregoing reasons Defendants Chief Cathy L. Lanier, Detective Vincent Tucci and Detective George Rada's Motion for Summary Judgment [**Dkt. No. 5**] is **granted**; Defendant Office Depot's Motion for Summary Judgment [**Dkt. No. 15**] is **granted**; Defendants Roger Gerstenfeld and Fifteenth Street Executive Suites' Motion for Summary Judgment [**Dkt. No. 6**] is **granted**; and Defendants Samuel J. Gerstenfeld and SJG Properties, L.L.C.'s Motion for Summary Judgment [**Dkt. No. 13**] is **granted.**

An Order shall accompany this Memorandum Opinion.

February 28, 2008

/s/
Gladys Kessler
United States District Judge

**Copies to: Attorneys of record via ECF and**

**Derek Curtis**
**310 Elmleaf Avenue**
**Capitol Heights, MD 20743**